**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1777
_____

GENNARO RAUSO,
                                    Appellant

v.

THOMAS GIAMBRONE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2-17-cv-02764)
District Judge:  Honorable Lawrence F. Stengel
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

_____

No. 18-2866
_____

GENNARO RAUSO,
                                    Appellant

v.

THOMAS GIAMBRONE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2-17-cv-02764)
District Judge:  Honorable Lawrence F. Stengel

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

_____

No. 18-3245
_____

GENNARO RAUSO,
                                         Appellant

v.

THOMAS GIAMBRONE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2-17-cv-02764)
District Judge:  Honorable Wendy Beetlestone

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 4, 2019
Before: JORDAN, GREENAWAY, JR. and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 14, 2019)
_____

OPINION*
_____

PER CURIAM

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

     In these related appeals, Gennaro Rauso, a federal prisoner proceeding <u>pro</u> <u>se</u>,

appeals an order of the United States District Court for the Eastern District of

Pennsylvania dismissing his complaint and orders denying his motions to vacate the dismissal order and for other relief. For the reasons that follow, we will affirm.

Rauso filed a complaint against Thomas Giambrone, a District Court employee, and two John Doe defendants seeking money damages pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Rauso claimed violations of his constitutional rights in connection with Giambrone's alleged refusal to docket his submissions, and his return of those submissions to him, after a District Judge ordered Rauso to stop filing papers in District Court.

The United States filed a Statement of Interest on Behalf of Defendants and in Support of Sua Sponte Dismissal asserting that Giambrone is immune from suit. In an order entered February 1, 2018, the District Court dismissed Rauso's claims against Giambrone and any unnamed Clerk's Office employee on absolute immunity grounds. On March 12, 2018, the District Court denied Rauso's motion to vacate the dismissal order, which it construed as a motion for reconsideration. Rauso filed an appeal, which is the subject of C.A. No. 18-1777. Rauso also appeals two post-judgment orders, which are the subject of C.A. Nos. 18-2866 and 18-3245. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Absolute judicial immunity extends to officials other than judges when they exercise a discretionary judgment as part of their function, Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 436 (1993), or when they undertake a function pursuant to the direction or order of the court. Snyder v. Nolen, 380 F.3d 279, 287 (7th Cir. 2004) (per

3

curiam); see also Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 772-73 (3d Cir. 2000). We agree with the District Court that Giambrone is immune from liability with regard to Rauso's allegations that he improperly refused to docket his motions after the District Court issued a filing injunction against him.

Rauso avers in his complaint that Giambrone told his wife that he alone decided not to file his motions, that Giambrone acted outside the scope of his duties, and that the District Court did not explicitly direct the Clerk or Giambrone not to accept his motions, but these allegations are insufficient to raise a question as to whether Giambrone was implementing the Court's order that Rauso terminate filing papers. Rauso's complaint reflects that his new motions were related to the proceeding under 28 U.S.C. § 2255 in which the filing injunction was issued. In addition, the docket for Rauso's criminal action reflects that the District Court ordered the return of papers that Rauso had submitted for filing close in time to his submission of two of the motions at issue.

The District Court also denied Rauso's motion to vacate the dismissal order because he had not shown that there was an intervening change in law, new evidence, or a clear error of law or fact. See Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (setting forth standard for a motion for reconsideration). Rauso primarily argued that the District Court had not given him an opportunity to be heard and that Giambrone had waived an immunity defense by failing to timely respond to his complaint after it was served. The District Court's dismissal was pursuant to 28 U.S.C. § 1915A, which requires a court to screen and dismiss a prisoner's complaint seeking

4

monetary relief from a governmental employee who is immune from such relief.[1]  To the extent Rauso contends that dismissal under § 1915A is improper after service of the complaint, we need not decide this question.  The complaint was subject to sua sponte dismissal under the screening provision in § 1915(e)(2)(B)(iii), which applies to in forma pauperis litigants such as Rauso, and explicitly states that a court shall dismiss a case "at any time" where the action seeks monetary relief against a defendant who is immune from such relief.  Even if § 1915A did not provide a basis for the sua sponte dismissal of the complaint, the dismissal was proper under § 1915(e)(2)(B)(iii).[2]

Rauso also argued in his motion to vacate the dismissal order that the District Court failed to adjudicate his motion to correct the docket, which asserted that the docket incorrectly reflects that an Assistant United States Attorney represents Giambrone. Rauso relies on the United States' Statement of Interest, which stated that it had yet to receive authorization to provide individual-capacity representation to Giambrone, and the fact that the attorney did not enter an appearance on Giambrone's behalf.  To the extent the attorney should not be noted on the docket as representing Giambrone, no relief is due.  The District Court properly dismissed Rauso's complaint pursuant to the screening provision in § 1915(e)(2)(B)(iii).  Whether or not Giambrone was represented is of no

---

[1]The District Court also refers to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3) in its order but it did not rule that subject matter jurisdiction was lacking.  We do not construe the order as dismissing the complaint under these rules.

[2]Rauso cites Roman v. Jeffes, 904 F.2d 192, 194-95 (3d Cir. 1990), in support of his argument that the District Court could not sua sponte dismiss his complaint once it had

significance.  To the extent Rauso contends that the District Court erred in considering the Statement of Interest, he has shown no error in this regard.[3]

Rauso also appeals the District Court's order entered July 20, 2018 denying his motion to reopen his case and vacate the orders dismissing his complaint and denying his motion to vacate the dismissal order.  The District Court construed this filing as another motion for reconsideration and again ruled that Rauso did not satisfy the applicable standard.  Although the time for seeking reconsideration had passed, Rauso did not show that the orders should be vacated under any standard.  Rauso reiterated the arguments, discussed above, that the District Court did not give him the opportunity to be heard before dismissing his complaint, failed to adjudicate his motion to correct the docket, and improperly relied on the Statement of Interest.

Rauso also argued that he was denied an evidentiary hearing on his motion to vacate the dismissal order, but he did not show that a hearing was warranted.  He also argued that the District Court should have applied Federal Rule of Civil Procedure 54(b) to his motion, not the standard for a motion for reconsideration.  Rule 54(b), however, is implicated when an order decides fewer than all the claims or the rights and liabilities of fewer than all the parties.  See Fed. R. Civ P. 54(b).  The rule is inapplicable here.  Rauso

_____

been served, but Roman construed an earlier version of the in forma pauperis statute.
[3]The United States filed the Statement of Interest pursuant to 28 U.S.C. § 517, which provides that the Attorney General may send an officer of the Department of Justice to attend to the interests of the United States in a pending suit.  The United States noted a concern that suits against court staff interfere with the orderly administration of justice.

also asserted in his brief that the District Court has yet to issue a final decision in his case on numerous grounds. For example, he argued that the dismissal order does not satisfy Federal Rule of Civil Procedure 58(a), which requires that a judgment be set out in a separate document. See Fed. R. Civ. P. 58(a). A failure to comply with this rule, however, does not affect an order's finality for purposes of 28 U.S.C. § 1291. Bankers Trust Co. v. Mallis, 435 U.S. 381, 385-86 (1978) (per curiam). These arguments are without merit.

After the District Court denied Rauso's motion to reopen and vacate its earlier orders, he filed two more motions asserting that the Court's orders do not satisfy Rule 58(a) and suggesting that we lack jurisdiction over his present appeals as a result. He asked the District Court to relabel its decisions to reflect that they are "opinions" as opposed to "orders." He also moved the Court to issue an order pursuant to Rule 54(b) or to enter a final judgment. In denying these motions, the District Court explained that the sole purpose of Rule 58 is to clarify when the time for appeal begins to run and, as stated above, that a failure to satisfy Rule 58(a) does not affect the finality of an order. Bankers Trust Co., 435 U.S. at 385-86. The District Court noted that the orders were intended to be final decisions, that Rauso understood them as such, and that he had appealed. The District Court did not err in denying these motions.

7

Because these appeals do not raise a substantial question, we will affirm the

District Court's orders.  See Third Cir. L.A.R. 27.4 (providing for summary action where

no substantial question is presented by an appeal).[4]

---

[4]Rauso has filed various motions in this Court, many of which raise the same arguments addressed in this opinion.  All of Rauso's outstanding motions, including his motion to compel the District Court to decide his motion to correct the record, his second motion to correct the record, his motion to voluntarily dismiss his appeals without prejudice or to consolidate his appeals, and his motions to reconsider orders issued by the Clerk, are denied.